IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

    v.

FT. WALTON DEVELOPMENT
PARTNERS LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3999-TWT

OPINION AND ORDER

This is a suit on a note. It is before the Court on the Plaintiff Branch Banking and Trust Company's Motion for Summary Judgment [Doc. 61] against the Defendants Ft. Walton Development Partners, LLC, Emerald Coast Partners, LLC, Philip H. Weener, and Gregory Greenstein. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment [Doc. 61] is GRANTED.

I. Background

The Plaintiff Branch Banking and Trust Company entered into a loan agreement with the Defendant Ft. Walton Development Partners, LLC on August 15, 2006. (Pl.'s Statement of Facts ¶ 1.) The amount of the loan was $1,520,000. (Am. Compl., Ex. A.) Ft. Walton executed a promissory note in favor of the Plaintiff for the full amount.

(Pl.'s Statement of Facts ¶ 3.) The Defendants Emerald Coast Partners, LLC, Philip H. Weener, and Gregory Greenstein executed guaranty agreements where they guaranteed payment of all amounts owed by Ft. Walton to the Plaintiff "under the Loan Agreement, the Note, and any and all documents, instruments and agreements executed in connection therewith." (Id. ¶¶ 5, 7, 9.) After several Modification Agreements, the Note matured on December 23, 2010. (Id. ¶ 12.) The Plaintiff sent the Defendants notice of non-payment on April 22, 2011. (Id. ¶ 13.)

The Plaintiff now moves for summary judgment against all of the Defendants. The Plaintiff seeks payment of the principal balance, interest, general fees, and attorney's fees. As of August 5, 2013, this amounts to $1,480,970.70, plus attorney's fees. (Boynton Aff., App. 2.) Ft. Walton, Emerald, and Weener jointly filed an answer, but did not file a response to the Motion for Summary Judgment.[1] Greenstein filed an answer, and did respond to the summary judgment motion. He only asserted two arguments: insufficient service of process and insufficient evidence to calculate damages.

---

[1] In his deposition, Ft. Walton's manager Eric Nathan could provide no factual support for the affirmative defenses in Ft. Walton's Answer. (Nathan Dep. at 43-45.)

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient  showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

The Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). However, the Court "need not sua sponte

review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." Id.

### III. Discussion

#### A. Service of Process

Greenstein argues that the Plaintiff failed to properly serve him. An individual may be served according to the rules of the state where service is made. FED. R. CIV. P. 4(e)(1). Greenstein was served in the state of New York. In New York, "[p]ersonal service upon a natural person shall be made . . . (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, *dwelling place or usual place of abode* of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." N.Y. C.P.L.R. § 308. The Plaintiff has the burden of establishing proper service. Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, [the plaintiff] . . . must bear the burden of establishing its validity."). A defendant must first "produc[e] affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction." Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). The plaintiff must then present "enough

evidence to withstand a motion for directed verdict." Id. (internal quotation marks omitted). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff." Id. (internal quotation marks omitted). "Absent an evidentiary hearing, the plaintiff's presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff." Id.

Here, the Plaintiff served Greenstein at the home where he had lived with his wife and children. (Aff. of Service for Greenstein.) Delivery was made to a security guard. Greenstein does not argue that New York service rules forbid delivery to a security guard. (Greenstein's Resp. to Mot. for Summ. J., at 7.) Instead, Greenstein argues that he did not live at the residence when service was made. (Id. at 7-8.) He had separated from his wife, and was living in an apartment. (Greenstein Westminster Dep. at 8-9.)[2]

The question is: has the Plaintiff provided sufficient evidence to show that the marital home was Greenstein's "dwelling place or usual place of abode" when service was made? It has. Under New York's service law, "the term 'usual place of abode' [is] not necessarily equivalent to the term 'actual dwelling place.'" Federal Home

---

[2] Two depositions of Greenstein were submitted into evidence. Both were taken on July 2, 2013. One deposition concerned this case ("Greenstein BBT Deposition"), and the other concerned a different case ("Greenstein Westminster Deposition").

Loan Mortgage Corp. v. Venticinque, 658 N.Y.S.2d 689, 690 (1997). One's usual place of abode only changes when his new residence has a degree of permanence and stability. Id. Greenstein testified that he only plans on staying at the new apartment for a few more months. (Greenstein Westminster Dep. at 20.) Greenstein also testified that his driver's license still bears the marital home address. (Greenstein BBT Dep. at 7.)

New York courts have found service to be proper under similar circumstances. In Argent Mortgage Co., LLC v. Vlahos, 887 N.Y.S.2d 225 (2009), process was served at the defendant's marital residence in New York even though he had been living in Florida for three and a half years before service took place. The defendant's wife claimed that the defendant had moved out but "visited her every year in New York." Id. at 226. The court found that service was proper because "there was no evidence that [the defendant's] residence in Florida had any degree of permanence and stability." Id. The court found it important that the defendant had never changed his address with the department of motor vehicles. Id. In CC Home Lenders v. Cioffi, 742 N.Y.S.2d 101 (2002), the court found that service to the marital residence was proper even though the defendant had moved out forty days before service. The court found that the defendant "never established a permanent alternative 'actual dwelling' or 'usual place of abode.'" Id. at 102-03. Again, the court found it noteworthy that

the defendant never updated his address with the DMV. Id. at 103. Thus, the question of proper service does not preclude summary judgment.

### B. Liability

No defendant has contested liability. Nevertheless, "so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must indicate that the merits of the motion were addressed." One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d at 1102. The Plaintiff claims that Ft. Walton is liable for defaulting on the Note and that the other defendants are liable as guarantors. "Where . . . the record shows that the promissory notes and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law [is] established, and the burden shift[s] to [the defendants] to produce or point to evidence in the record which establishe[s] an affirmative defense." Secured Realty Inv. v. Bank of N. Georgia, 314 Ga. App. 628, 629 (2012).

The Plaintiff has made a prima facie case as to liability as to all Defendants. The Plaintiff produced the Note. (Am. Compl., Ex. B.) Aaron Boynton, Vice President of the Plaintiff Branch Banking and Trust Company, authenticated the Note and testified that it was executed by Ft. Walton Development Partners. (Boynton Aff. ¶¶ 8-9.) Emerald Coast Partners, Greenstein, and Weener are liable as guarantors. The

Plaintiff produced copies of the signed guarantees. (Am. Compl., Ex. C, Ex. E, Ex. G.) Boynton authenticated each of the guarantees. (Boynton Aff. ¶¶ 11, 13, 15.)  In his response, Greenstein objects to the evidence used to calculate damages, but that "goes only to the amount of money actually owed, not to defendants' liability for any amounts still due."  Wells Fargo Bank, N.A. v. SFPD II, LLC, 1:11-CV-04001-JEC, 2013 WL 541410, at *3 (N.D. Ga. Feb. 12, 2013). Therefore, all of the Defendants are liable for Ft. Walton's default on the Note.

Finally, the Plaintiff claims that it is entitled to attorney's fees from all of the Defendants.  The Plaintiff cites O.C.G.A. § 13-1-11(a): "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . .."  To collect attorney's fees, the Plaintiff must have notified "in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees." O.C.G.A. § 13-1-11(a)(3).  On April 22, 2011, the Plaintiff sent a notice of non-payment to all of the Defendants. (Boynton Aff. ¶

17.) The notice included the information required by O.C.G.A. § 13-1-11(a)(3). (Am. Compl., Ex. H.)

### C. Damages

Greenstein challenges the Plaintiff's evidence for damages. The Plaintiff provided: (1) a loan history, (2) an affidavit by the Plaintiff's Vice President, Boynton, and (3) a payoff letter summarizing the total amount owed. Greenstein first argues that the Boynton affidavit and payoff letter are insufficient to show damages because they are not supported by any business records. (Greenstein's Resp. to Mot. for Summ. J., at 13-14.) Obviously this is incorrect because the Plaintiff submitted the loan history.[3] The total amount reflected in the payoff letter was calculated using the figures in the loan history. Greenstein, recognizing this, then argues that the loan history does not qualify as a business record under FED. R. EVID. 803(6). (Id. at 14-15.) His only argument is that they were not made at or near the time of the transactions.[4] (Id.) He points out that the loan history was prepared just days before

---

[3] To support his argument that the affidavit and debt summary are insufficient to show damages, Greenstein cites to Georgia case law. However, "under Erie federal law controls questions of the sufficiency of the evidence in state law claims." Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321, 1323-24 (11th Cir. 1982).

[4] The loan history otherwise complies with FED. R. EVID. 803(6). Boynton, Vice President of the Plaintiff Branch Banking and Trust Company, is qualified to testify about the Plaintiff's record-keeping system. (Boynton Aff. ¶¶ 4-5.) Boynton testified that the records were made at or near the time of the transactions by someone with

the Plaintiff filed for summary judgment. (Id.) But that is when they were compiled and printed, not when they were created. (Pl.'s Reply in Supp. of Mot. for Summ. J., at 16.) Each individual entry was made at or near the time of the transaction that the entry records. (Id.; Boynton Aff. ¶ 25, App. 1.) There is no other objection to damages, so the Plaintiff is entitled to the amount owed on the principal balance as well as the fees and interest accruing until the date of this judgment.[5] The Plaintiff is also entitled to attorney's fees in an amount calculated pursuant to O.C.G.A. § 13-1-11(a)(2): "15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." Therefore, the Plaintiff is entitled to attorney fees in the amount of $146,019.43.

---

knowledge and were kept in the course of regularly conducted business activity. (Boynton Aff. ¶ 25.) In a similar case, this Court found a loan history to be admissible as a business record. See Wells Fargo Bank, N.A. v. SFPD II, LLC, 1:11-CV-04001-JEC, 2013 WL 541410 (N.D. Ga. Feb. 12, 2013).

[5] Boynton testifies that, as of August 5, 2013, the Plaintiff is owed $1,480,970.70. (Boynton Aff., App. 2.) This includes $1,235,227.32 for principal, $224,717.01 for interest, and $21,026.37 for fees and charges. (Id.) This figure does not include the added interest from August 5, 2013, to the date of this judgment, and it does not include attorney's fees.

IV. Conclusion

For these reasons, the Court GRANTS the Plaintiff Branch Banking and Trust Company's Motion for Summary Judgment [Doc. 61] against the Defendants Ft. Walton Development Partners, LLC, Emerald Coast Partners, LLC, Gregory Greenstein, and Philip H. Weener.

SO ORDERED, this 23 day of October, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge